SHIVERS, Senior Judge.
Victor Hobbs has appealed from sentence imposed after revocation of his probation. We reverse, and remand for resentencing.
In January 1992, Hobbs received three years probation after pleading nolo contende-re to lewd and lascivious assault on a child less than 16. His guidelines scoresheet reflected a point total of 224, corresponding to a permitted range of 2½ to 5½ years. See Fla.R.Crim.P. 3.988(b). However, a handwritten note on the scoresheet mistakenly indicated that the point total corresponded to the next highest permitted range, to wit: 3½ to 7 years.
A January 1993 affidavit of violation of probation alleged violation of conditions requiring Hobbs to live and remain at liberty without violating any law, and to perform 250 hours of community service. After a hearing, the trial court found that Hobbs had violated these conditions, and revoked his probation. Relying on the erroneous permitted range, the state represented to the court at sentencing that, based on the violation of probation, it could “bump up” to a permitted range of 4½ to 9 years. The trial court imposed an 8-year term of incarceration, and later granted Hobbs a belated appeal.
Hobbs argues that, because his actual permitted range was 2⅛ to 5½ years (not 3½ to 7 years), the trial court could permissibly “bump up” only to 3⅜ to 7 years (not 4½ to 9 years). Thus, the 8-year sentence imposed by the trial court impermissibly exceeded the guidelines. The state concedes error, and requests remand for resentencing. Based on the facts as outlined above, and on the state’s concession of error, we reverse the sentence imposed herein, and remand for resentencing in accordance with this opinion.
KAHN and BENTON, JJ., concur.